THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB ROGERS ) | |
|     Plaintiff, ) | |
| ) | Case No.   19-CV-69-KEW |
| v. ) | |
| ) | Jury Trial Request |
| ) | |
| THE STATE OF OKLAHOMA, ) | |
| MICHAEL WILES, in his ) | |
| Individual capacity, FERNANDO ) | |
| CARDENAS, in his individual capacity, ) | |
| ROB SEALE   SHERIFF of LeFLORE ) | |
| COUNTY in his official capacity ) | |
| and the BOARD OF COUNTY ) | |
| COMMISSIONERS, for LeFlore ) | |
| County ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff by and through his attorney of record David R. Blades and for his cause of action against the Defendants shows the court as follows:

### Jurisdiction

1. This court has jurisdiction pursuant to *28 USC §1332* in that the matter presents a federal question; namely the violation of *42 USC § 1983*, the Fourth and Fourteenth Amendments to the Constitution of the United States.

### Statement of the Case

2. At all relevant times the Defendants were acting under the color of law and in the scope of their employment.

3. At all relevant times the Plaintiff was a residence of LeFlore County.

4. The Defendant State of Oklahoma is the governmental entity that at the time of the incident-giving rise of this cause of action was responsible for the training and supervision of Officers of the Oklahoma Highway Patrol.

5. That Rob Seal the Sheriff of Leflore County in his official capacity and/or the Board of County Commissioners were at the time of the incident-giving rise of this cause of action responsible for the training and supervision of the deputy sheriffs of LeFlore County.

6. At all relevant times, Defendant Michael Wiles was a deputy sheriff for LeFlore County.

7. At all relevant times, Defendant Fernado Cardenas was employed as an officer with the Oklahoma Highway Patrol.

8. On December 5th 2017 Defendants Cardenas and Wiles went to the Plaintiffs residence with the purported objective of questioning him regarding an incident where his vehicle was supposedly observed the day before leaving the scene of a minor accident.

9. When Cardenas and Wiles arrived to speak with the Plaintiff they did not have a search or an arrest warrant.

10. Since Cardenas and Wiles had no warrant the Plaintiff exercised his right not to speak with the officers and retreated into his home.

11. At this point Cardenas and Wiles broke down the Plaintiff's door unlawfully entered his home and assaulted him.

12. During the attack, the Plaintiff was slammed into furniture and suffered physical injury.

13. The Defendants then arrested the Plaintiff and he was taken for incarceration to the Leflore County jail.

14. At all times Wiles and Cardenas actions were reckless and done with reckless disregard of the Plaintiff's rights.

15. The Plaintiff filed a complaint pursuant to the Oklahoma Governmental Claims Act and exhausted his administrative remedies and brings this action.

**Count I**
**Excessive use of Force**
**Violation of 42 USC § 1983**

16. the Plaintiff incorporates paragraphs 1-15 by reference herein.

17. The Fourth Amendment to the Constitution of the United States protects the Plaintiff's right to be free from unreasonable search and seizure.

18. The Amendment encompasses the Plaintiff's right to be free from the use of excessive force when the Defendants he was arrested by the Defendants.

19. The Defendants Wiles and Cardenas violated the Plaintiff's rights under the Fourth Amendment when their arrest of the Plaintiff was unnecessary, unreasonable, and excessively violent.

### Count II
### Unlawful Warrantless Arrest
### Violation of 42 USC 1983

20. The Plaintiff incorporates paragraphs 1-19 by reference herein.

21. The Plaintiff has a right as guaranteed by the Fourth Amendment to be free from arrest without probable cause.

22. The Plaintiff was arrested without probable cause in violation of his constitutional rights because facts and circumstances within the Defendant's knowledge, were not based on reasonable trustworthy information, and were insufficient in themselves to warrant a man of reasonable caution in the belief that an offense had been or is being committed.

### Count III
### Unlawful Warrantless Entry of the Plaintiff's Home
### Violation of 42 USC 1983

23. The Plaintiff incorporates paragraphs 1-22 by reference herein.

24. The Fourth Amendment protects the Plaintiff 's right to be secure in their person's, houses papers and effects.

25. Searches and seizures without warrants are presumptively unreasonable.

26. The Plaintiff's home was entered and he was seized without a warrant.

27. The Defendants violated the Plaintiff's Constitutional rights when they unreasonably entered his home to arrest him and presumably conduct a search.

### Count IV

**Common Law False Arrest**

28. The Plaintiff incorporates paragraphs 1-27 by reference herein.

29. At the time of the Plaintiff's arrest the Defendants Wiles and Cardenas were operating within the scope of their employment

30. That the Defendants did arrest the Plaintiff unlawfully and restrain his liberty.

31. Because Wiles and Cardenas were acting in the scope of their employment the Defendants, Seale in his official capacity, the Board of County Commissioners for Leflore County, the State of Oklahoma and are liable for their conduct.

### Count V
### Common Law Negligence

32. The Plaintiff incorporates paragraphs 1-31 by reference herein.

33. The Defendant Board of County Commissioners of Leflore County, the State of Oklahoma and Seale in his official capacity owed a duty to the Plaintiff to affect his arrest in a reasonable manner.

34. Through the actions of their employees the Defendants negligently breached their duty by using excessive force in arresting Plaintiff.

35. As a result of the Defendants' actions the Plaintiff suffered injury.

### Count VI
### Common Law Battery

36. The Plaintiff incorporates paragraphs 1-35 by reference herein.

37. When Wiles and Cardenas arrested the Plaintiff they caused there to be non-consensual offensive contact with the Plaintiff.

38. That said contact was intentional

39. That as a result of said contact the Plaintiff was harmed.

40. That because Wiles and Cardenas actions arose out of the their employment the Board, the State of Oklahoma and Seal in his official capacity are responsible for the Plaintiff's injury.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants for lost wages, unpaid medical expenses, compensatory damages including but not limited to damages for emotional pain and suffering; punitive damages against Wiles and Cardenas and against all defendants the cost of the action including a reasonable attorney fee.

        Respectfully submitted,

        /s/David Blades
        DAVID BLADES OBA 15187
        Studebaker & Worley
        5801 East 41st St. Ste 300
        Tulsa, Oklahoma 74135
        (918) 770-4890